NELSON ELLISON AND MYRON BURNETT *v.* DENNIS S. BRIGHAM.

*Statute of Frauds. Contract.*

The defendant agreed by parol to cut into logs all the trees standing on a certain described piece of land belonging to the defendant, and to draw and deliver said logs, together with others then already cut on said land, at the plaintiff's mill, within a certain time, the plaintiff to pay a specified price per cord when all were delivered and measured at the mill. *Held,* that the contract was within the statute of frauds, and could not be enforced by action.

ASSUMPSIT in a special declaration on a contract by parol entered into by the plaintiffs and defendant, by which the defendant agreed to cut down all the butternut trees fit for logs on a certain described portion of the defendant's farm, cut the same into the logs, and also cut into logs all the butternut trees fit for logs then cut down on said land, and draw and deliver all of said logs to the plaintiffs at "Burnett's" sawmill during the then existing period of sledding; and after the said logs were delivered, Burnett was to measure the same, and the plaintiffs were to pay for them on demand after they were measured. The defendant cut and delivered a portion only of said logs within the time specified and refused to deliver the residue according to the agreement.

The defendant under the general issue denied the contract as claimed by the plaintiffs, and claimed that the contract, being by parol, was within the statute of frauds. The defendant denied that there was any acceptance of any part of said logs; and that at the time of the alleged contract a part of the trees had been cut down, and cut into logs. The expense of cutting and drawing to the mill was about $2.75 or $3.00 per cord.

The court at the December Term, 1864, BARRETT, J., presiding, *pro forma,* held that the contract was within the statute of frauds,— to which the plaintiffs excepted. The court submitted the case to the jury upon the question whether the parties made the contract declared on, and whether the plaintiffs accepted any part of the logs. The jury retured a verdict for the defendant.

*J. J. Wilson* and *D. C. Denison,* for the plaintiffs.

The contract was not within the statute relating to the sale of goods, &c. 1st, because the logs contracted for were not in *existence as goods, therefore incapable of delivery or part acceptance,* at the time

the contract was made, but by the terms of the contract were thereafter to be made by the defendant from the defendant's real estate. 2d, because it was a contract for the *work and labor* of the defendant, to be bestowed on materials found, and not a sale within the statute, which *contemplates merely a sale.* In support of this position we cite the following authorities : 1 Swift, 258 ; 1 Dane's Abridgement, 238 ; 1 Parsons on Con. 234 ; Chitty on Con. 238 ; *Mattison* v. *West_ cott*, 13 Vt. 261 ; *Ide & Smith* v. *Stanton*, 15 Vt. 689 ; *Towers* v. *Osborne*, 1 Strong, 506 ; *Clayton* v. *Andrews*, 4 Burr. 2101 ; *Rondian* v. *Wyatt*, 2 H. Blackstone, 63 ; *Cooper* v. *Elston*, 7. T. R., 17 ; *Graves* v. *Buck*, 3 Maule & Selwyn, 178 ; *Garbutt* v. *Watson*, 7 E. C. L. 202 ; *Buxton* v. *Bedell*, 3 East, 303 ; *Cabula* v. *Caston*, 8 E. C. L. 352 ; *Smith* v. *Surman*, 9 B. & C. 561 ; 1 Met. 283 ; *Gardner* v. *Joy*, 9 Met. 177 ; *Lamb* v. *Crafts*, 12 Met. 353 ; *Mixer* v. *Howarth*, 21 Pick. 205 ; *Hight* v. *Ripley*, 12 Maine, 138 ; *Abbott* v. *Gilchrist*, 38 Maine ; *Crookshank* v. *Burrell*, 18 Johns. 58 ; *Sewell* v. *Fitch*, 8 Cow. 215 ; *Robertson* v. *Vaughn*, 5 Sanford, 1 ; *Bronson* v. *Wiman*, 10 Barbour, 406.

*A. P. Hunton* and *Converse & French*, for the defendant.

The plaintiffs were not entitled to the charge they claimed. 1st, because a portion of the logs were ready for delivery when the contract was made. 2d, If none of them had been ready, it was a contract for the sale of goods, &c., and is within the statute of frauds. *Garbutt* v. *Watson*, 7 E. C. L. 209 ; *Smith* v. *Surman*, 17 *Id.* 443 ; *Gorham* v. *Fisher et al.*, 30 Vt. 428 ; see Blackburn's Sale, 7, 8, 9, *et seq.* The plaintiffs did not claim it to be, and it was not, a contract for work and labor. *Clay* v. *Yates*, 36 E. L. & E. 540 ; *Sarl et al.* v. *Bomdilton*, 37 *Id.* 415 ; *Watts* v. *Friend*, 21 E. C. L. 446. No interest in the logs, the trees cut, or those standing, passed to the plaintiffs by contract. *Acraman* v. *Morrice*, 65 E. C. L. 449 ; *Smith* v. *Surman*, above cited. The labor bestowed by the defendant was upon his own property. *Atkinson et al.* v. *Bell et al.*, 15 E. C. L. 216 ; *Gardner et al.* v. *Joy*, 9 Met. 177 ; see also *Gorham* v. *Fisher & Roberts*, 30 Vt. 428 ; *Spencer* v. *Hale*, 30 Vt. 314 ; *Sewall* v. *Fitch et al.*, 8 Cow. 215 ; *Nettleton* v. *Sikes*, 8 Met. 34 ; *Smith* v. *Surman*, 9 B. & C. 561 ; 2 Parsons on Con. 312, 313, and notes ; *Claflin* v. *Carpenter*, 4 Met. 580 ; *Green* v. *Armstrong*, 1 Denio, 550.

The opinion of the court was delivered by

PIERPOINT, J. The only question presented by the bill of exceptions is, whether the contract, upon which the plaintiff seeks to recover is within the statute of frauds.

The counsel in this case have brought to our notice most of the English and American cases applicable to the question. Without attempting to follow the various changes in the law of the subject, as evidenced by the decisions from time to time of the English courts, and the courts in this country, it is sufficient now to say, that certain general principles applicable to the case seem to be well established by authority.

1st. Executory contracts are within the statute.

2d. Contracts for the manufacture and future delivery of goods, wares and merchandise, are not within the statute.

3d. That the fact that work and labor is to be performed upon the subject matter of the contract, before it is to be delivered, in accordance with the terms of the contract, does not necessarily take it out of the statute. Whether it is to have such an effect or not, depends upon the nature and character of the labor to be performed, and its effect upon the subject matter. The fact that labor is to be bestowed upon the property to remove it from the place where it is at the time of the contract, to the place of delivery, is not sufficient, although the value of the property at the place of delivery may consist principally in the expense of removing it to such place. The contract must require the performance of such work and labor upon the property, as shall materially and essentially change the character of the property itself, so that the property as it is to be when delivered, must be substantially different from what it is at the time the contract is entered into, in order to take the contract out of the statute. In short, it must be of such a character as to bring the contract within the rule that excepts from the operation of the statute contracts for the manufacture of property, or convert it substantially into a contract for work and labor.

The inclination of the courts in England and in this country, at the present time, is to limit rather than extend the class of cases that are excepted from the operation of the statute, and some eminent jurists have manifested considerable restiveness, under the

restraint of the rule that excepts contracts for the manufacture and delivery of property, insisting that they come clearly within the object and spirit of the statute, but they have thus far yielded to the power of authority. The opinion of Duer, J., in *Robertson* v. *Vaughn*, 5 Sandf. 1, is a strong example of this character.

The contract in this case was that the defendant would cut into logs all the butternut trees then on a certain part of his farm that were suitable for logs, and deliver them, together with a few logs then cut, to the plaintiffs at Burnett's sawmill, within a certain time, for which the plaintiffs were to pay the defendant a specified price per cord, when measured at the mill. Most of the trees were standing at the time the contract was made. To perform this contract it was necessary for the defendant to perform work and labor, but no other labor was required than such as was absolutely necessary to a delivery of the property. It was necessary to sever the bodies of the trees from the stump, and cut them into sections suitable for delivery. The logs contemplated by the contract were the trunks of the trees standing; they would be the trunks of the trees when cut and delivered at the mill, and they would be nothing else. The only change would be in their position and location. No manufacture of the property into anything that would essentially change its character was contemplated or required. The labor bestowed by the defendant was upon his own property, and was all done in the single act of delivering it. He was not at work for the plaintiffs in any sense, but for himself. He was only doing what his obligation to deliver rendered necessary. The contract, in all its legal elements, was simply for the sale of all the logs that the specified trees would make, to be delivered by the defendant at the mill. The property was not to be manufactured, or made into anything essentially different from what it was when the contract was made.

The construction we put upon this contract takes it outside of the mass of the cases referred to by the counsel for the defendant.

The contract in this case is identical in all respects except name, with that sought to be enforced in *Smith* v. *Surman*, 9 B. & C. 561, and that was held to be within the statute.

The case most nearly in conflict is that of *Clayton* v. *Andrews*, 4 Burr. 2101. That was a contract for the sale of wheat to be

threshed and delivered at a future day. The court held it not to be within the statute, but it was upon the ground that it was an *executory contract*, which the courts in England at that day did not consider as within the statute.

We see no error in the ruling of the court below, and the judgment is affirmed.