CHARLES McMATH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Upon the trial of an indictment for rape, it was competent to show that the female upon whom the crime was alleged to have been committed was under ten years of age, though the indictment contained no such allegation.

2. It was competent to show that the defendant offered the mother of the girl alleged to have been violated, $5 00 to stop the prosecution.

3. It was error in the court in refusing to permit the defendant to show that such mother, who was a witness upon the trial, agreed to drop the prosecution in consideration of the payment of $5 00.

4. The statements of the infant to her mother immediately after the crime was committed, as to what the defendant had done, were admissible as a part of the *res gestæ*, even though she was not alleged in the indictment to have been under ten years of age.   Still, the infant should have been examined

by the court to ascertain if she was competent to testify, and if she was, she should have been sworn.

5. An indictment is good, although the offense is alleged to have been committed upon an impossible day.

6. Where, in an indictment for rape, the defendant is charged to have had carnal knowledge of the female forcibly and against her will, the allegation is sufficiently full without specifying the particular manner in which such carnal knowledge was had.

7. There was no error in the charge of the court to the effect that it was not necessary to show that the carnal knoweldge was forcibly and against the will of the female, she being a child under ten years of age.

8. Upon the trial of criminal cases, counsel, in their argument, may read law to the jury in the hearing of the court, subject to the correction of the court in its charge.

Criminal law. Rape. Evidence. Infants. Indictment. Attorneys. Argument. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1875.

Reported in the decision.

R. N. ELY, for plaintiff in error.

B. B. BOWER, solicitor-general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "rape," and on the trial thereof the jury, under the charge of the court, found the defendant guilty of an "assault, with intent to commit a rape." The defendant made a motion for a new trial on the several grounds set forth in the record, which was overruled by the court, and the defendant excepted. The following evidence was offered on the part of the state:

Matilda Wells, sworn, says: Knows the prisoner; his name is Charles McMath; is the mother of the child that prisoner raped; knows of an injury committed on her child this year, in this county of Dougherty, directly after Christmas; the child's name is Dora Carter; the child is going on seven years old; does not know her exact age; one night, about dark, was cutting wood; asked the prisoner to cut some wood for her; he said he would; after he cut the wood, he asked

witness to let the children go out and get the chips; her daughter, Dora, went out and brought in the chips; he then asked if Dora could go down to Joiner's with him, to get ten cents worth of candy; witness gave her consent; on Dora's return, she told witness that prisoner had tried to have connection with her; she was crying on her return, and witness took her out on the front steps, asking her company to excuse her; first knocked prisoner out of the door; knocked him three times; then found that her clothes were bloody; after she told what prisoner had done, examined her and found her clothes bloody; this was after all were gone; the blood was on her drawers; it came out of her private parts between the legs; examined Dora and found that she was bloody; did not see anything that showed injury except the blood, which excited her; prisoner came back from Joiner's with Dora; after this, prisoner said he would pay her $5 00 if she would drop it; never heard prisoner say anything else about it; had put prisoner out of doors when Dora was examined by her; prisoner told her he would pay her the $5 00 for nothing; he denied, one night at supper, having anything to do with Dora, about two weeks before. This affair happened about dark; prisoner and Dora were gone about one hour; he never paid her anything, about this matter; witness told him to do as he pleased about paying her; does not know the day or month this act was done. Witness is a *feme covert.*

Louis Ford, sworn, says: Knows prisoner; his name is Charles McMath; knows Dora well; heard of the affair between prisoner and the little girl, for which prisoner is being tried. On that night, first saw the child come into her mother's house crying; the little girl did not say anything when her mother asked her what was the matter; at first the little girl said that prisoner had unbuttoned her drawers; she said this in presence of prisoner, who was sitting in the house; the mother asked what did prisoner unbutton her drawers for; prisoner said: "I never done it for nothing." Witness saw no appearance of violence about the girl; did not examine her. The mother did not take the child outside of the door, while

witness was there; prisoner did not say that he did not un-button the child's drawers; witness, prisoner, the mother, Dora, and another daughter of Dora's mother, were in the house at the time of their return from Joiner's.

Matilda Wells, recalled, says: "She saw blood on the drawers, and where it came from her privates was bloody.

The defendant introduced no evidence. The grounds of the motion for a new trial were as follows:

1st. Because the witness, Matilda Wells, was allowed to testify as to the age of Dora Carter.

2d. Because the same witness, being the principal witness for the state, and the mother of the child alleged to have been injured, was allowed to testify that defendant proposed to give her $5 00 to stop the prosecution against him, over the objection of prisoner's counsel, in both instances.

3d. In not allowing defendant's counsel to ask Matilda Wells if she had not agreed to drop the prosecution if defendant would pay her $5 00.

4th. In permitting the same witness to testify as to the statements of Dora Wells in regard to the injury, and that defendant committed the injury.

5th. In refusing the following requests to charge by prisoner's counsel: "If the bill of indictment charges the offense to have been committed on October 10th, 1875, he cannot be found guilty."

6th. "If it is alleged in the bill of indictment that the act was committed with force and violence against the said Dora Carter, it is necessary that this allegation be proved; and if the state has failed to prove this, the defendant is not guilty. In order to convict the defendant the jury must believe, from the evidence, that the private part of the defendant was inserted in the private part of Dora Carter, and if the injury was done with any other instrument than defendant's private part, it is only an assault and not rape, and the defendant is not guilty."

7th. In charging the jury that if the female was under ten years of age, then it was not necessary to prove that it was

forcibly and against her will, as the law says that when this act is committed upon a child under that age it is held to be forcibly and against her will. Children under that age cannot consent; hence, if the evidence shows to you that the prisoner committed the act, under this rule given you, the crime is complete, without the necessity of showing that it was forcibly and against her will.

8th. In not allowing the defendant's counsel to read the law to the jury after first reading it to the court, for the purpose of applying it to the facts of the case.

9th. Because the verdict was contrary to evidence, without evidence, and strongly and decidedly against the weight of the evidence.

1. We find no error in allowing the witness, Matilda Wells, to testify as to the age of her daughter, Dora Carter.

2. There was no error in allowing the mother of Dora Carter to testify that the defendant offered to give her $5 00 to stop the prosecution against him.

3. It was error, in our judgment, for the court to refuse to allow the defendant's counsel to ask the witness if she had not agreed and consented to drop the prosecution against the defendant if he would pay her $5 00, as her answer to this question, if in the affirmative, would have tended to show what were her motives, and might, in the opinion of the jury, have affected her credibility as a witness in relation to her other statements.

4. There was no error in allowing the witness to state what her infant daughter, Dora, told her at the time, and under the circumstances, as to the injury that had been committed upon her, and that defendant had done it, as a part of the *res gestæ*: Code, section 3773. Whilst this evidence was competent, under the peculiar facts of this case, without an allegation in the indictment that the female upon whom the offense was committed, was an infant under ten years of age, still, we think that the court should have examined the child as to whether she understood the nature of an oath, and if, upon such examination, it was satisfied that she did, and was competent to be

examined as a witness, then she ought to have been examined, otherwise not.

5. There was no error in the refusal of the court to charge as requested as to the allegation in the indictment that the offense was committed on the 10th day of October, 1875. An indictment is good although an impossible day be stated on which the offense is alleged to have been committed: *Conner vs. The State*, 25 *Georgia Reports*, 515.

6. There was no error in refusing the second request to charge the jury, in view of the evidence in the record. When a man is charged with the offense of rape, which is defined by law to be the *carnal* knowledge of a female forcibly, and against her will, the charge of "carnal knowledge of a female" is sufficiently definite and distinct to enable the jury to understand the nature of the offense, without specifying the particular manner in which that carnal knowledge was had as contained in the defendant's request.

7. There was no error in the charge of the court that it was not necessary to prove that the carnal knowledge of Dora by the defendant was forcibly and against her will, she being a child under ten years of age: *Stephen vs. The State*, 11 *Georgia Reports*, 226.

8. On the argument of the defendant's case before the jury, his counsel, when about to read some law to them, which had been read to the court, for the purpose of applying it to the facts, the court stopped him, and held that he must read the law to the court, and refused to allow him to read any law to the jury, and that refusal of the court to allow him to read any law to the jury, is assigned as error. Whilst we fully recognize the court as the constitutional organ to give in charge to the jury the law, in criminal cases, and that it is the duty of the jury to receive and accept the law as given them in charge by the court as *the* law applicable to the case, and to apply the law so given them in charge by the court to the facts, and return a general verdict of guilty, or not guilty, still, we are not aware of any law or rule of practice, adopted by the judges in convention, that will authorize the court to prohibit

counsel, in the argument of criminal cases, from reading law to the jury, if they shall think proper to do so. Counsel, in their argument, may read law to the court in the hearing of the jury, or they may read law to the jury in the hearing of the court, subject to the correction of the court in its charge, which is to be considered as the authoritative exposition of the law for the consideration of the jury. In our judgment, the court erred in not allowing the defendant's counsel to read the law in his argument to the jury, on the statement of facts disclosed in the record. If the evidence in this case had been so clear and satisfactory as to the guilt of the defendant as to have *required* the verdict, we should not be disposed to set it aside for the errors which we have found in the rulings of the court, but the evidence is not of that character, and we therefore reverse the judgment and order a new trial.

Judgment reversed.