Jones *vs.* The State of Georgia.

PONEY JONES, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The allegation that the offense was committed on an impossible day, or a day subsequent to the trial, does not make the indictment bad: *25 Georgia Reports, 515.*

2. The entry of *nolle, prosequi,* and withdrawal from the jury of a criminal case, after it has been submitted to the jury on a good indictment, without the consent of the defendant, is error, and equivalent to an acquittal on a plea of former jeopardy.

3. A plea that defendant was put on trial for the same transaction under valid indictment for simple larceny, and the case *nol. prossed,* and withdrawn from the jury without his consent, is good in bar of a subsequent indictment for burglary. Having been in jeopardy of liberty once, he cannot be put in jeopardy again for the same transaction, save on his own motion for a new trial after conviction, or in case of mistrial.

Criminal law. Indictment. *Autrefois acquit.* Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1875.

Reported in the opinion.

WIER BOYD; ESTES & BOYD, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted for simple larceny and put on trial. The indictment was *nol. prossed* without his consent, on the ground that the day on which the offense was laid was an impossible one, being subsequent to the trial. He was then indicted for burglary in the same transaction, and pleaded his former jeopardy on the indictment for larceny. The court overruled the plea and he was convicted of the burglary. A motion for a new trial was made on this and other grounds disclosed in the record. That motion was refused by the court, and this refusal to grant the new trial is the error complained of.

In the view we take of the case, it is unnecessary to consider any ground of the motion except the overruling this plea of former jeopardy.

1. The first question is, was the indictment for larceny good,

or was it bad, because an impossible day was laid. This is not an open question with us. It had been ruled before and was ruled again at the last term in the case of *Williams vs. The State.* We there held the indictment good.

2. This indictment being good, the defendant was in jeopardy; his case had gone to the jury and could not be withdrawn without his consent at the option of the state by entering a *nolle prosequi.* Such withdrawal was equivalent to an acquittal of the charge of simple larceny: *Reynolds vs. The State,* 3 *Georgia Reports,* 53, 69; Code, section 4649.

3. His plea of former jeopardy alleges that the prosecution for burglary is on the same transaction or for the same offense. The demurrer admits its truth. If true, he was about to be tried for the same offense, the same transaction, under a different name. It has been repeatedly held by this court that this cannot be done under our constitution: Code, sec. 5000; *Roberts & Copenhagen vs. The State,* 14 *Georgia Reports,* 8, 11, 12; *Copenhagen vs. The State,* 15 *Georgia Reports,* 266; *Holt vs. The State,* 38 *Ibid.,* 187, 189, 190; *Black vs. The State,* 36 *Ibid.,* 447, 450; see also, 1 Bishop's Crim. Law, 683, 688, 689; Hopkins' Annotated Penal Laws, secs. 1574, 1575, 1577, *et seq.* We think, therefore, that upon authority, in our own state, particularly, inasmuch as the plea alleged the same offense in the simple larceny charge as in the subsequent charge of burglary, and as the court struck the plea on demurrer which admitted that the offense or transaction was the same, the court erred and the new trial should have been granted on this ground in the motion.

Judgment reversed.