JAMES W. HARRIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. If the indictment alleges that the consent to act as second in a duel, was given in this state, it is immaterial where the duel was fought. The *gravamen* of this offense, under section 4517 of the Code, is the consent; if that took place in this state, the offense is complete.
2. If the indictment alleges that the offense was committed on a day subsequent to the finding of the grand jury, whilst, after the defendant has pleaded to the merits, it would be held good in substance, yet being bad in form, it will be so held if exception be taken to it by special demurrer in writing, before the trial.

Criminal Law. Dueling. Indictment. Before Judge TOMPKINS. Richmond Superior Court. October Term, 1876.

At the April term, 1876, of Richmond superior court, Harris was indicted for consenting to be a second in a duel " on the 16th day of December, 1876." Before pleading to the indictment, defendant demurred thereto on two grounds : first, that there was no such offense known to the laws of Georgia as the one charged; second, that the time laid in said indictment was subsequent to the finding thereof.

The demurrer was overruled, and this is the error brought up for review.

J. GANAHL, for plaintiff in error.

SALEM DUTCHER, solicitor general, for the state.

JACKSON, Judge.

Two questions are made by the record in this case : first, is the crime of consenting to act as second in a duel complete, if the consent be given in this state but the duel is fought in another state? and second, is the indictment good when it charges that the offense was committed on a day after the finding of the true bill by the grand jury, when

the exception is taken by special demurrer before plea and trial?

1. The first point depends upon the construction of section 4517 of our Code. That section reads as follows : " If any person shall knowingly and wilfully, carry and deliver, any written or printed challenge, or verbally deliver any message or challenge to another to fight with sword, pistol or other deadly weapon, *or shall consent to be a second in any such duel or combat,* such person so offending," etc., etc. The *gravamen* of the offense is the act of consenting to be a second in a duel to be fought with sword or pistol or other deadly weapon. The word " such " before duel, evidently refers to a duel to be fought with such weapons as sword, pistol or other deadly weapon, and the meaning of the section is to prohibit the carrying of a challenge or consenting to act as second in a duel in this state, whether fought or to be fought here or in another state. The very exhaustive brief of the solicitor general fortifies this construction, which arises, we think, upon the very face of the statute. The reference to the act of 1816—Lamar's Digest, 593—where the offense originated, transferred thence to the Penal Code of 1833, and thence to our present Code, is conclusive on the question. That act shows that it was the design to punish the offense of carrying the challenge, or consenting to act as second in this state, though the duel was fought in another. But we think the section of the Code, as it stands, will admit of no other construction.

2. In regard to the second point, this court has often held that after arraignment and plea, the indictment alleging an impossible day, or a day after the bill was found true, would be held good, but not where it was excepted to in time on special demurrer in writing—see 25 *Ga.*, 516; 55 *Ga.*, 304, 625. These were all cases where the defendant had gone to trial, and after the time for special demurrer had passed, had sought to take advantage of the time alleged. But the defendant is entitled, if he demand it in time, to have a perfect indictment in form as to the

essential elements of time and place, and when he demurs specially, before trial (for by going to trial he would appear to waive it), he ought to have the time stated with reasonable certainty at least—so says our Code, sections 4628, 4629, 4639. We reverse the judgment on the last ground.

Judgment reversed.