PHILLIPS *v.* THE STATE.

1. There being some evidence to show the defendant's guilt, and the trial judge being satisfied with the verdict, his discretion in denying a new trial will not be disturbed.
2. A defect in an indictment, in not alleging any day or month when the alleged illegal sale of liquor took place, should be taken advantage of upon arraignment.   After conviction it is too late to make the point for the first time.

3. In making up a brief of evidence, a judge is not compelled to hear evidence of others as to what was testified, when he distinctly remembers.

December 23, 1890.

Criminal law. Liquor. Indictment. Practice. Brief of evidence. Before Judge LUMPKIN. Madison superior court. March term, 1890.

The indictment was found at the September term, 1889, and it alleged that the defendant, "on the —— day of ——," 1888, in Madison county, was guilty of selling spirituous liquor in quantity less than one gallon without a license. The conviction (as certified by the judge) was based on the testimony of one witness exceedingly reluctant to testify what he knew. His testimony was as follows:

Direct examination: I know the defendant; he has a bar-room and store in Madison county, Georgia. I bought one half-gallon of whiskey from him more than two years before this bill was found. After that about a year, I bought from John Morris, defendant's clerk, a quart of whiskey, and paid for it, and my brothers bought a gallon. This was in that store in said county.

Cross-examination: The whiskey was bought in this way: we chipped in and bought a gallon. I called for it and paid for it.

By the court: I have never bought less than a gallon of whiskey from the defendant in the last two years, and previous to the finding of this indictment.

Redirect: My brothers and I bought a gallon. We got three quarts and drank some. I took one quart and paid for it.

The State admitted that the defendant had license covering sale of half-gallon first testified about.

On moving for a new trial, the defendant's counsel tendered for approval a brief of evidence to which the solicitor-general objected; and under direction of the court, that officer prepared one which was approved.

Before this was done, the defendant's counsel proposed to prove, by a number of witnesses who were present at the trial and heard the evidence, that it was correctly stated in the brief he had tendered. The judge refused to hear this testimony, stating that he remembered the evidence in the case perfectly, and did not care to hear any one else's memory of the matter. For the grounds of the motion for a new trial, see the opinion.

THOMAS & STRICKLAND and J. E. GORDON, for plaintiff in error.

W. M. HOWARD, solicitor-general, by J. H. LUMPKIN and HARRISON & PEEPLES, contra.

SIMMONS, Justice.

Phillips was tried for the offence of selling spirituous liquors without a license, and was convicted. He made a motion for a new trial upon the grounds that the verdict was contrary to law and the evidence, and without evidence to support it, and that the indictment was fatally defective in that it failed to allege the month or the day upon which the alleged sale took place; which was overruled, and he excepted.

This case is rather weak upon the facts, but there was some evidence going to show the guilt of the defendant, and as the trial judge was satisfied with the finding of the jury we will not interfere with his discretion in refusing a new trial.

As to the indictment being defective because it did not allege any day or month when the alleged sale took place, the bill of exceptions states that no point or objection was made as to the indictment before conviction. It is too late after conviction to take exception to a defect of this kind; exception should have been taken upon the arraignment.

We know of no law which compels a judge in making up a brief of evidence to hear evidence of others as to

what was testified to, when he remembers it distinctly himself, as the judge certified he did in this case.

*Judgment affirmed.*