## ADKINS *v.* THE STATE.

1. An indictment which charges that the offense was committed on a day subsequent to the finding of the bill will be held bad on special demurrer before pleading to the merits; but following the decisions of this court in cases of *McMath* v. *State*, 55 *Ga.* 303, and *Jones* v. *State*, Id. 625, a motion in arrest of judgment based on this ground comes too late and can not be sustained. There was no request in the present case to review the decisions just mentioned.
2. The charges complained of, if in any respect erroneous, were not, as applied to the facts of this case, harmful to the accused; the charge as a whole submitted the case fairly to the jury; there was sufficient evidence to authorize the verdict, and the trial judge committed no error in refusing to grant a new trial.

Argued October 15,—Decided November 15, 1897.

Indictment for arson. Before Judge Felton. Bibb superior court. April term, 1897.

*John R. Cooper*, for plaintiff in error.
*Robert Hodges, solicitor-general*, contra.

COBB, J. On April 19, 1897, during the April term of the superior court of Bibb county, an indictment was returned against Cary Adkins charging him with the crime of arson. The offense was alleged to have been committed on the "31st day of December, 1897." The accused entered a plea of "not guilty," and upon the trial was convicted. A motion in arrest of judgment was made, on the ground that the indictment charged the offense to have been committed on a day subsequent to the finding of the bill. This motion was overruled. A motion for a new trial was made, which was also overruled. To the judgment of the court overruling these motions the accused excepted.

1. The first question presented in this case arises upon the overruling of the motion in arrest of judgment. Is an indictment which alleges the crime charged to have been committed on a day subsequent to the finding of the bill so fatally defective that judgment thereon will be arrested after verdict? An indictment which fails to allege the time at which the offense charged was committed would be informal and imperfect, and the accused would have the right to take advantage of this de-

fect, provided he make the point at the proper time. A person charged with crime "is entitled, if he demand it in time, to have a perfect indictment in form as to the essential elements of the time and place"; and when this defect is taken advantage of by special demurrer before arraignment, the indictment will be quashed. *Bailey* v. *State*, 65 *Ga.* 410. While an allegation of time is necessary to make a valid indictment, proof that the crime was committed on the day alleged is not necessary, unless the offense charged belongs to that class in which time is of the essence of the offense. *McLane* v. *State*, 4 *Ga.* 341; *Dacey* v. *State*, 17 *Ga.* 439. The offense may be charged to have been committed on any day previous to the finding of the bill and may be proved at any time within the statute of limitations. *Cook* v. *State*, 11 *Ga.* 53; *Chapman* v. *State*, 18 *Ga.* 736; *Jackson* v. *State*, 64 *Ga.* 347.

The case of *Connor* v. *State*, 25 *Ga.* 515, is often cited as authority to sustain the proposition that it is not good ground to arrest the judgment in a criminal case that the offense was charged to have been committed on a day subsequent to the finding of the indictment. We think, however, upon an examination of the facts in this case as they appear in the original record filed in the clerk's office, that it is not binding authority on this point. At the September term, 1857, of the superior court of Sumter county, Connor was presented by the grand jury, charged with the offense of simple larceny alleged to have been committed on the 15th day of December, 1857. Upon this presentment the solicitor-general framed an indictment which alleged the offense to have been committed on the 15th day of December, 1855. The accused entered a plea of not guilty, and upon the issue thus formed the jury returned a verdict of guilty. Thereupon the accused made a motion in arrest of judgment, upon the following grounds: First. "That the special presentment on which the bill of indictment was founded was null and void, because it charged the offense to have been committed on a day subsequent to the finding of the grand jury; that the special presentment being void, no bill of indictment could be founded thereon, upon which a trial could be had." Second. "That the bill of indictment charges the

offense to have been committed on a day different from that alleged in the special presentment, and that said variance is fatal." A motion for a new trial was also made, and four of the grounds therein were as follows: (2) "Because the special presentment on which the bill of indictment was found was not presented to the jury on the demand of the prisoner, the same being made after the jury was impaneled." (3) "Because the court permitted testimony to be given to the jury after objection by the prisoner, the jury having been impaneled upon the bill of indictment without the special presentment." (4) "Because the court refused to hear testimony to show that the prisoner was arraigned on the special presentment and not on the bill of indictment, and refused the demand of the prisoner that he be arraigned on the bill of indictment." (5) "Because the court refused the arraignment as stated in the last ground, and permitted the trial to proceed after motion by the prisoner to exclude testimony from the jury until he was arraigned upon the bill of indictment."

It seems that the point that the accused desired to make was, that there was a variance between the presentment and the indictment as to the time alleged. He was placed on trial on the indictment. This is clear, for the bill of exceptions so recites. If he had demanded a copy of the indictment, he would have seen that the date in the indictment was different from the date in the presentment. It appears from the record that he waived copy of the indictment before arraignment. This being true, it is clear that the assignments of error in the grounds of the motion for a new trial above quoted were not well taken. After having waived copy of the indictment and entered a plea of "not guilty," it is too late, when evidence is about to be submitted to the jury on the issue thus formed, to raise objections to the indictment which could have been discovered, and should have been raised by special demurrer, before pleading to the merits. The variance in date between the presentment and the indictment was not fatal. The indictment was regular on its face, and that it did not follow the presentment can not be taken advantage of after pleading to the merits. This seems to have been the view that Judge

Lumpkin took of the matter; for he uses this language: "As to the multifarious objections to the special presentment and indictment, jointly and separately, it is enough to say, they all come too late." It is true that he then proceeds to discuss the point raised by the motion in arrest of judgment, and comes to the conclusion that when the indictment alleges a day subsequent to the finding of the bill, it is equivalent to alleging an impossible day, and that an indictment alleging an impossible day would be held good on motion in arrest of judgment, using the following language: "Have not all the courts, both in England and in this country, settled it so long ago, that the memory of man runneth not to the contrary, that while some day must be stated, any other may be proven? Who does not see, that if it be immaterial to prove the day as charged, that no day or an impossible day will do just as well? But it will be replied, that it never was decided but that the time charged must be before the accusation is preferred. And I concede this to be so, at least for the purposes of the argument. But let us look at the reason of the thing. Suppose the day be laid subsequent to the finding of the grand jury; it is the same in effect as stating an impossible day, as the fortieth day of May, and if it be correct that any day within the statute of limitations and before indictment found will suffice, it is quite clear that no day, or one that is impossible, will do just as well." Judge Benning in his concurring opinion agrees to the judgment overruling the motion for a new trial and the motion in arrest of judgment, and commits himself squarely to the proposition, that "There was no substantial difference between the presentment and the indictment. The variance in the allegation of time was not a matter of substance. Consequently, it made not the least practical difference to the prisoner, whether he was arraigned on the one or on the other." Judge McDonald dissented. His refusal to concur in the judgment was because of the errors alleged in the motion for a new trial, which are quoted above. The position taken by him is, that a variance between the presentment and the indictment was material, and that the accused had the right to take advantage of it by demurrer or plea in abatement, and that, not

having been arraigned upon the indictment, he had never had the opportunity to raise the point. It can be gathered from his opinion, that in his judgment an indictment charging an offense to have been committed on a day subsequent to the finding of the bill would be fatally defective. The accused having pleaded to the indictment, which was perfect and complete in every respect, he will not be allowed after verdict to move in arrest of judgment on a ground which, in effect, sets up an irregularity in the way in which the indictment was preferred. This is, as we understand it, all that was involved in the *Connor* case. The complaints made in the motion for a new trial, growing out of the manner in which the prisoner had been arraigned, came too late after a plea to the merits, and the trial was in progress; especially when the questions thus raised were those which should have been raised on arraignment, and could have been ascertained by the accused and his counsel by simply demanding a copy of the indictment, which was expressly waived. The question as to whether an indictment which charges the offense to have been committed on a day subsequent to the finding of the bill is so fatally defective that judgment would be arrested thereon was not, we think, directly involved in the *Connor* case.

In the case of *McMath* v. *State*, 55 *Ga.* 303, it appeared that the indictment which charged the offense to have been committed on the 10th day of October, 1875, was returned at the April term, 1875, of the superior court of Dougherty county. Objection on this ground was not raised either by a special demurrer or motion in arrest of judgment? There was a request to charge the jury that "if the bill of indictment charged the offense to have been committed on October 10, 1875, he can not be convicted." The court refused to give this request, and a motion for a new trial was made upon this ground, among others. This court held that this refusal was not error, and that "the indictment is good although an impossible day be stated on which the offense is alleged to have been committed "; and to sustain this ruling cited the case of *Connor* v. *State*. While this was not a proper way to raise the question, this decision is probably binding upon the point involved. In the

case of *Williams* v. *State*, 55 *Ga.* 391, the indictment was re-
turned at the October term, 1874, and the indictment bore
date October term, 1877.   Upon inspection of the minutes, it
was ascertained that the indictment was returned at the Octo-
ber term, 1874; and it was held that the entry at the conclu-
sion of the indictment giving it a date in the future would be
disregarded.   In the case of *Jones* v. *State*, 55 *Ga.* 625, the ac-
cused "was indicted for simple larceny and put on trial.   The
indictment was nol-prossed without his consent, on the ground
that the day on which the offense was laid was an impossible
one, being subsequent to the trial.   He was then indicted for
burglary in the same transaction, and pleaded his former
jeopardy on the indictment for larceny.   The court overruled
the plea, and he was convicted of burglary."   This court held
that it was error to overrule the plea; that the indictment
which had been nol-prossed without his consent was a good in-
dictment.   The effect of this decision was to hold that an alle-
gation that the offense was committed on a day subsequent to
the trial does not make the indictment bad.   In support of this
decision the court cited the *Williams* case, supra.   An exami-
nation of that case will show that that question was not in-
volved.   As stated above, the point raised in that case grew
out of a variance between the minutes and the entry at the
conclusion of the indictment fixing its date, and it was held
that in such a case the minutes would control.

In the case of *Harris* v. *State*, 58 *Ga.* 333, Judge Jackson in
the opinion says:   "This court has often held that after ar-
raignment and plea, the indictment alleging an impossible
day, or a day after the bill was found true, would be held good,
but not where it was excepted to in time on special demurrer
in writing"; citing the cases of *Connor*, *McMath* and *Jones*,
supra.   In this case the point was raised by special demurrer,
and therefore the statement by Judge Jackson, that such in-
dictment would be held good on motion in arrest of judgment,
was merely obiter.   In the case of *Phillips* v. *State*, 86 *Ga.* 427,
the indictment alleged the offense to have been committed in
a certain year, but did not allege any day or month.   The ac-
cused pleaded to the indictment without demurring, and was

convicted.  The year alleged was prior to the finding of the bill.  This court held that the defect in the allegation was merely formal, and could not be taken advantage of after verdict.  In the case of *Johnson* v. *State*, 90 *Ga.* 444, Justice Lumpkin says, an indictment which charges that an offense was committed on "a day subsequent to the finding of the indictment would be sufficient in its allegations as to time, if no objection was made before pleading to the merits.  This point was not involved in that case, and what is there said is not authority on the question now before us.

We find, therefore, that the cases of *Jones* and *McMath* are the only cases where the question has been directly made and decided; the *Jones* case cites to sustain it a case which clearly does not support it; and the *McMath* case cites *Connor's* case supra, which we do not think is controlling on the point.  But if the *Connor* case is controlling, neither this case, nor the two cases which have followed it, are in accord with the rule as it existed at common law.  That such an indictment as the one now under investigation would have been held bad at common law, on motion in arrest of judgment after verdict, can be established without difficulty from the leading authorities on the common law.  "However it is certain that if the indictment lay the offense on an uncertain or impossible day, as where it lays it on a future day, or lays one and the same offense at different days, or lays it on such a day which makes the indictment repugnant to itself, it is void.  Also it hath been adjudged that no defect of this kind can be helped by the verdict."  2 Hawk. P. C. 324; 1 Chitty's Crim. Law. mar. p. 225–6.  That this was the rule at common law is recognized in the following decisions:  Markley *v.* State, 10 Mo. 291; McGeehee *v.* State, 26 Ala. 154; State *v.* Litch, 38 Vt. 67; State *v.* Sexton, 3 Hawks (N. C.), 184, 14 Am. D. 584.

The whole matter may be summed up as follows:  An indictment must allege a specific date on which the offense was committed, and that date must be anterior to the finding of the indictment; but if no such date is alleged, and it appear from the face of the indictment that it was the intention of the pleader to allege a specific date anterior to the finding of the

bill, such informality must be taken advantage of by special demurrer. We think this will clearly appear from an investigation of the decisions of our own court which are cited supra. If, however, the time alleged is subsequent to the finding of the bill, the reasons for holding defective allegations of time anterior to the finding of the bill—mere formalities—would not apply. Where it appears from the indictment that the offense charged was committed after the finding of the bill, in law no offense is charged. A defective allegation of time clearly appearing to be before the bill was found is a mere informality; an allegation of time showing the crime to have been committed at a time subsequent to the finding of the bill is more than an informality. Such seems to have been the opinion of Winkler, J., in the case of York v. State, 3 Tex. App. 15, where he says: "The objection, it is believed, is one of substance. One of the enumerated exceptions in the code, which may be taken to the substance of an indictment, or information, is 'that it does not appear from the face of the same that any offense against the law was committed by the defendant.' Can it be said that an information which speaks as of the date of its filing can, in anticipation, charge any offense against the law on a date in the future? Certainly not."

While we are constrained by the decisions in the cases of *McMath* and *Jones*, cited supra, to affirm the judgment in this case, we can not but express our dissatisfaction with the rulings in these cases. We do not think they are supported by the *Connor* case; and even if they are, we do not think any of them are supported either by authority or by reason. As no request was made to review these cases, we can not overrule them.

2. The verdict was supported by the evidence, and the errors complained of were not such as to require the granting of a new trial. *Judgment affirmed. All the Justices concurring.*