### 523. NEWSOME v. THE STATE.

1. This case is controlled by prior decisions of the Supreme Court, which, in the opinion of this court, are based upon sound reason. No sufficient cause appears for certifying the point involved, to the Supreme Court, or for asking that court to review and overrule its previous decision upon the subject.
2. Exceptions which go merely to the form of the indictment or accusation, if not taken before joinder of issue, are considered to be waived. They can not be reached by a motion in arrest of judgment.

Accusation of illegal sale of liquor, from city court of Moultrie—Judge Shipp. May 16, 1907.

Submitted July 19,—Decided July 25, 1907.

J. D. McKenzie, A. R. Kline, James Humphreys, for plaintiff in error. W. F. Way, solicitor, contra.

RUSSELL, J. The plaintiff in error was convicted on the 16th day of May, 1907, upon an accusation filed that day, in which he was charged with the offense of selling intoxicating liquors in Colquitt county on the 29th day of October, 1907. He waived arraignment, copy of accusation, and list of witnesses, and pleaded not guilty. He did not demur to the accusation. On the trial the evidence showed that he had made a sale of spirituous liquor in Colquitt county on 29th day of October, 1906. He moved the court to direct a verdict of not guilty, on the ground that the accusation

alleged a crime at some subsequent day or impossible date, and that the accusation was not sufficient, on account of this date, to authorize a conviction. The court overruled this motion, and, after argument and the charge of the court, a verdict was rendered finding defendant guilty. On the same day the defendant made a motion in arrest of judgment, upon the following grounds: First: "Because the accusation, upon which defendant was tried, alleged and charged that the crime was committed on a day and time subsequent to the day and time of filing the accusation and the trial thereon; the day of filing being May 16, 1907, and the day and time alleged and charged in said accusation being October 29, 1907." Second: "Because the verdict and judgment is void and of no effect, based upon an accusation charging a crime subsequent to the date of filing said accusation." The motion in arrest of judgment was overruled. The plaintiff in error excepts to the refusal to direct a verdict of acquittal, and to the judgment in overruling his motion in arrest of judgment.

The only question in the case is, whether conviction was warranted on the accusation as written. The insistence of the plaintiff in error, that every indictment or accusation, to support a valid conviction, must charge the crime to have been committed on a definite date previous to the finding of the indictment or filing of the accusation, even though the proof might be any time within the statute of limitations, is not a new one in this State. Counsel for plaintiff in error recognize this fact, and on that account request that we certify this case to the Supreme Court in order that that court may review and reverse the decisions in *McMath* v. *State, 55 Ga.* 303; *Jones* v. *State, 55 Ga.* 625; *Williams* v. *State, 55 Ga.* 391; *Harris* v. *State, 58 Ga.* 333; *Johnson* v. *State, 90 Ga.* 444, 16 S. E. 92; *Adkins* v. *State, 103 Ga.* 5, 29 S. E. 432; *Spencer* v. *State, 123 Ga.* 133, 51 S. E. 294, and other similar cases. If the decision in *Adkins* v. *State,* supra, were the last utterance of our Supreme Court upon the point, and if the Supreme Court had not so recently passed upon the question, as in the case of *Spencer* v. *State,* we would be inclined, simply on account of the intimation in the *Adkins* case, to certify the case to the Supreme Court as requested. Regardless of the decisions in other States, and as to whether the Supreme Court was wrong in basing the decisions in the cases of *McMath* and *Jones* upon the case

of *Conner* v. *State, 25 Ga.* 515, 71 Am. Dec. 184, we think that the date on which the offense is laid is immaterial, unless the defendant, before pleading to the merits, demurred thereto. The defendant must demur before pleading, or else he will be held to waive his right to have the essential elements of time and place stated with the certainty required by the code. In *Harris* v. *State, 58 Ga.* 333, Jackson, Judge, delivering the opinion, says: "This court has often held that after arraignment and plea the indictment alleging an impossible day or a day after the bill was found true would be held good, but not where it was excepted to in time on special demurrer in writing." In *Bailey* v. *State, 65 Ga.* 411, the court held, that an indictment naming neither day nor month was defective and should be quashed on special demurrer before the arraignment, but cited the *Harris* case and said that the defendant was entitled, *if he demanded in time,* to have a perfect indictment in form as to the essential elements of time and place, and when he demurred specially, before arraignment, he ought to have the time stated with reasonable certainty at least. The Penal Code requires that all exceptions that go merely to the form of the indictment shall be made before trial. If they are not made then, they are held, in contemplation of law, to be waived. *Hill* v. *State,* 41 *Ga.* 484. The case can not be made stronger when an impossible date is stated than when no date is stated at all; and yet it was held in *Phillips* v. *State, 86 Ga.* 427, 12 S. E. 650, and *Braddy* v. *State,* 102 *Ga.* 568, 27 S. E. 670, that a defect in an indictment in not alleging any date or month when the alleged offense was committed must be taken advantage of before arraignment, and that it is too late after conviction to make the point for the first time.                                        *Judgment affirmed.*