5437. REDDICK *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE.

WADE, ·J.  1. Statements in a properly verified petition for certiorari are presumed to be true until the coming in of the answer; and where error is properly assigned in the petition, it should be sanctioned and the writ ordered to issue, so that the merits of the allegations may be investigated and determined.

2. It was error to refuse to sanction the petition for certiorari, it appearing therefrom that the complainant, over his protest, was tried by a municipal court at a place other than that provided by the charter of the municipality for the trial of violators of its ordinances, and it further appearing that the defendant's right of cross-examination was abridged as to issues vitally material to his defense.

3. Since a municipal corporation derives its powers from its charter, it can not by ordinance enlarge a limitation set by the charter. Where a charter of a municipality authorizes the imposition of alternative sentences only, and an ordinance of the municipality authorizes a cumulative sentence for any or all offenses, only so much of a sentence imposed under the ordinance as comes within the charter grant of authority can be legally enforced under direction from the proper court. See *Callaway* v. *Mims,* 5 *Ga. App.* 21 (62 S. E. 654) ;. *Pearson* v. *Wimbish,* 124 *Ga.* 713 (52 S. E. 751, 4 Ann. Cas. 501); *Littlejohn* v. *Stells,* 123 *Ga.* 427 (51 S. E. 390).    *Judgment reversed. Roan, J., absent.*

DECIDED APRIL 18, 1914. ·

Petition for certiorari; from Baldwin superior court—Judge Park. December 9, 1913.

*Edward R. Hines,* for plaintiff. *Livingston Kenan,* for defendant.