## 6064. NORRIS v. MAYOR AND COUNCIL OF THOMSON.

WADE, J. 1. "Unless there is something in the charter to the contrary, it is not necessary that a person accused of a violation of a municipal ordinance shall be furnished with a written accusation or statement of the charge made against him. It is sufficient if he be informed of the charge and be given an opportunity to defend." *Wynne* v. *Atlanta,* 10 *Ga. App.* 818 (74 S. E. 286). And where the charter of a municipality does not expressly so provide, it can not be said that a petty offender, charged with the violation of one of its ordinances, was not accorded a fair trial, with due process of law, because of failure to prefer a written accusation specifically defining the offense with which he was charged. *Pearson* v. *Wimbish,* 124 *Ga.* 701-711 (52 S. E. 751). Nor is it necessary that such an accusation shall state the offense with such strictness as to form and substance as would be necessary in an indictment. *Venable* v. *Atlanta,* 7 *Ga. App.* 190 (66 S. E. 489).

2. An indictment naming neither day nor month is defective and should be quashed on special demurrer (*Bailey* v. *State,* 65 *Ga.* 410-411); and a defendant who makes his demand in due time is entitled to have an indictment perfect as to the essential elements of time and place. *Harris* v. *State,* 58 *Ga.* 332-333; *Newsome* v. *State,* 2 *Ga. App.* 392-394 (58 S. E. 672); *Adkins* v. *State,* 103 *Ga.* 5 (29 S. E. 432). The same rule would seem to apply to a written accusation preferred against one who violates a municipal ordinance, where the charter of the municipality requires that a written accusation *shall be* preferred and that the offense shall be stated fully.

3. A municipal corporation derives all of its powers from its charter, and if its charter prescribes how and in what manner violators of its ordinances must be tried, the express requirements set out in the charter must be followed. *Reddick* v. *Milledgeville*, 14 *Ga. App.* 461 (81 S. E. 384). Where such a charter provision requires that "a written or printed accusation shall be preferred against the offender, in manner and form as follows: 'State of Georgia, Town of Thomson. I,———, marshal of said town, in the name and the behalf of the mayor and councilmen of said town, charge and accuse———with the offense of (here state the offense fully), contrary to the laws of said town,'" etc. (Acts of 1900, pp. 455-461, sec. 18), the requirement that the offense shall be *fully* stated includes essential averments as to the time and place of the commission thereof, sufficient to put the defendant on notice and to show the jurisdiction of the court.

4. While some definite time should be alleged as the time when the offense was committed, no lapse of time after the commission of an act declared by ordinance to be unlawful will bar a prosecution therefor, where it appears with reasonable certainty that the act was committed after the passage of the ordinance making it unlawful, unless the charter or ordinances provide that offenses against the particular municipality shall be prosecuted within a given time. Where it does not appear from the record that the ordinances of the municipality fix a period of limitation, it will be assumed that they contain no such limitation. *Ramsey* v. *Atlanta*, ante, 345 (83 S. E. 148); *Battle* v. *Marietta*, 118 *Ga.* 242 (44 S. E. 994); *Bell* v. *Forsyth*, 126 *Ga.* 443-445 (55 S. E. 230).

5. Where the charter of a municipal corporation requires a written accusation, an accusation which charges the violation of an ordinance making it penal to keep for sale intoxicating liquors may set out the offense in general terms sufficient merely to indicate the nature of the charge, but it should appear from the accusation (as well as from the proof) that the keeping was within the limits of the municipality. *Conley* v. *State*, 83 *Ga.* 496 (10 S. E. 123). The accusation should also inform the accused as to the date when the alleged offense was committed, not in order to show that the offense was not barred by the statute of limitations (unless a period of limitation is fixed by the charter or ordinances), but to enable the accused to properly make his defense.

6. This court will take judicial cognizance that "gin" is an intoxicating liquor, and the name "Bolo" prefixed thereto will not be considered as indicating that something other than gin was sold, but will be regarded merely as signifying the particular kind or variety of gin referred to. *Snider* v. *State*, 81 *Ga.* 753-755 (7 S. E. 631, 12 Am. St. R. 350); 1 Woollen & Thornton on Intoxicating Liquors, § 5, p. 11, and cases there cited.                                                          *Judgment reversed.*

DECIDED DECEMBER 22, 1914.

Certiorari; from McDuffie superior court—Judge H. C. Hammond. October 19, 1914.

*J. B. Burnside, Callaway, Howard & West,* for plaintiff in error. *Ira E. Farmer,* contra.