### 7279. PORTER *v.* CITY OF ATLANTA.

WADE, J. 1. The demurrer complaining that the accusation was too vague and indefinite and was improperly signed is without merit. " 'Unless there is something in the charter to the contrary, it is not necessary that a person accused of a violation of a municipal ordinance shall be furnished with a written accusation or statement of the charge made against him. It is sufficient if he be informed of the charge and be given an opportunity to defend.' *Wynne* v. *Atlanta,* 10 *Ga. App.* 818 (74 S. E. 286). And where the charter of a municipality does not expressly so provide, it can not be said that a petty offender, charged with the violation of one of its ordinances, was not accorded a fair trial, with due process of law, because of failure to prefer a written accusation specifically defining the offense with which he was charged. *Pearson* v. *Wimbish,* 124 *Ga.* 701-711 (52 S. E. 751, 4 Ann. Cas. 501). Nor is it necessary that such an accusation shall state the offense with such strictness as to form and substance as would be necessary in an indictment. *Venable* v. *Atlanta,* 7 *Ga. App.* 190 (66 S. E. 489)." *Norris* v. *Thomson,* 15 *Ga. App.* 511 (83 S. E. 866).

(*a*) It is clearly inferable in this case that the defendant was informed of the charge, either orally or otherwise, and he did in fact defend against the particular charge under which he was convicted, and it was not necessary to furnish him with any written accusation whatever, either complete or incomplete.

2. To sustain a conviction of the keeping of intoxicating liquors for sale, in violation of a municipal ordinance, it is not essential to show an

3

actual sale in order to establish the purpose of the keeping. This purpose may be inferred from other facts and circumstances in proof. In this case there was evidence sufficient to authorize the conclusion reached by the recorder as to the purpose for which the intoxicating liquor was kept by the defendant.

3. There being evidence to support the judgment of the recorder, and that judgment having been approved by the judge of the superior court, this court, in the absence of any material error of law, can not set the judgment aside.            *Judgment affirmed.   Russell, C. J., dissents.*
                    DECIDED APRIL 25, 1916.

Certiorari; from Fulton superior court—Judge Ellis. January 13, 1916.

*Nalley & Scott,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, C. J., dissenting. I would cheerfully concur in the judgment of affirmance were it not for the fact that in my opinion the circumstances in proof, while raising a grave suspicion of the defendant's guilt, are not sufficiently strong to exclude every other reasonable supposition than that the liquor was kept for sale. The same rule must be applied by a recorder in passing upon circumstantial evidence as is made mandatory upon a jury under the provisions of the code.