STATE, Respondent, v. HUMPHREY, Appellant.

(176 N. W. 39.)

(File No. 4586. Opinion filed January 30, 1920. Rehearing denied March 26, 1920.).

1. **Intoxicating Liquors—Keeping, Storing, Complaint Against, Failure to Specifically Designate, Effect—Statute Construed.**

A complaint charging defendant with unlawfully keeping and storing a large quantity of intoxicating liquors with intent and purpose of evading the provisions of Ch. 281, Laws 1917, is not bad for failing to designate any one of the numerous offenses charged in said statute, or for failure to allege the particular circumstances of the offense charged; it being apparent that the information was based on Sec. 71, providing that "The keeping, storing, or giving away of intoxicating liquors, or any shift or devise whatever, to evade the provisions of this act shall be deemed unlawful," etc.; the gist of this statutory offense being the unlawful keeping, storing or giving away of intoxicating liquors, with intent to evade the law; there being some forty or more methods specified by which such handling

may become criminally unlawful; that the information was sufficiently certain as to substantive allegations, it being in the substantive language of the statute.

2. **Same—Keeping, Storing, Etc.—Finding Liquor in Possession, Statutory resumption Re—Burden of Proof—Constitutionality, Evidence Against Self.**

Laws 1917, Ch. 281, Sec. 89, (Sec. 10318, Rev. Code 1919) provides that upon trial of any information under said act, proof of finding intoxicating liquors in accused's possession, unless he is legally authorized to sell or possess same, shall be presumptive evidence that such liquors were kept contrary to law. Held, the legislative intent was to cast upon accused found with intoxicating liquor in possession, the burden of showing purpose for which he kept and stored same. Held, further, that said statutory presumption is not an unconstitutional infringement of personal right, as compelling defendant to give evidence against himself.

4. **Same — Unlawful Keeping, Storing, Information Re, Whether Charging Two Offenses.**

An information, based on Laws 1917, Ch. 281, Sec. 71, prohibiting "The keeping, storing, or giving away of intoxicating liquors," etc., which charges the unlawful keeping and storing of a quantity of intoxicating liquors with intent and purpose of evading provisions of said chapter, does not allege more than one offense; the "keeping" and the "storing" being closely related matters, and the allegation meant that defendant had it in possession and under control for the unalwful purpose, etc.

5. **Same—Complaint, Failure to Allege Accused Unauthorized to Sell, Etc., Matter of Defense.**

Failure of such complaint to allege that accused was not a person authorized by law to sell or possess intoxicating liquors, did not vitiate the information; such matter was one of defense, such exception not being an essential ingredient of the statutory offense.

6. **Appeal—Error—Criminal Prosecution, Election By State At Trial —Variance Between Allegation and Evidence, Challenged on Motion in Arrest—Evidence, Trial Proceedings, Not in Record, Whether Questions Reviewable.**

Where, upon defendant's appeal in a criminal prosecution for keeping and storing intoxicating liquors, the evidence and proceedings on trial do not appear in appeal record, rulings of trial court on motion in arrest of judgment, concerning election by the state at the trial, and some variance between allegations and proof, will not be considered.

Appeal from Circuit Court, Lake County.　Hon. LOUIS L. FLEEGER, Judge.

The defendant, Claude Humphrey, was convicted of the offense of unlawful keeping and storing intoxicating liquors, and he appeals.　Affirmed.

*Ira F. Blewitt,* for Appellant.

*Byron S. Payne,* Attorney General, *Vernon R. Sickel,* Assistant Attorney General, and *George R. Farmer,* for Respondent.

(1)　To point one of the opinion, Appellant cited: Laws 1917, Ch. 281, Sec.s. 71, 44, 66. 73, 74, 83; Vol. 22 Cyc. 339, 295; State v. Doren, 99 Me. 329, 59 Atl. 440, 105 Am. St. Rep. 278; Code Civ. Proc., Sec. 222.

Respondent cited: Laws 1917, Ch. 281, Sec. 71.

(4)　To point four, Appellant cited: State v. Bickford (S. D.), 147 N. W. 407.

To point five, Respondent cited: 22 Cyc. 344; State v. Donaldson, 12 S. D. 259.

McCOY, P. J.　Defendant was convicted of the offense of unlawfully keeping and storing intoxicating liquors, and has brought the cause before this court on appeal.　Appellant does not question the sufficiency of the evidence to sustain the verdict.　The evidence and proceedings on the trial do not appear as part of the appeal record.　By demurrer and motion in arrest of judgment the sufficiency of the information to state a public offense is challenged.　The substance of the charging part of the information was that defendant on the 18th day of October, 1918, at the county of Lake, state of South Dakota, did then and there unlawfully keep and store a large quantity of intoxicating liquors, with the intent and purpose of evading the provisions of chapter 281, Laws 1917.　The specific contention is made that the information fails to designate any one of the numerous offenses charged under the statute referred to, and fails to allege with sufficient certainty the particular circumstances of the offense charged.　It is apparent, and also conceded, that the information was drawn and based on the provision of section 71 of said chapter 281, which provides that—

"The keeping, storing, or giving away of intoxicating liquors, or any shift or device whatever, to evade the provisions of this act shall be deemed unlawful, and shall be punished as unlawful selling is punished.

[1-3]    The gist of this statutory offense is the unlawful keeping, storing, or giving away of intoxicating liquors, with intent to evade the law.    Chapter 281 is a very comprehensive and specific enactment regulating the liquor traffic.    By this act there are something like 40 or more methods specified by which the handling of intoxicating liquors by various specified classes of persons may become criminally unlawful.    It is the contention of appellant that an informatoin drawn under the provisions of this section 71 should state the exact unlawful purpose of the accused which he had in mind, whereby he is alleged to have evaded the law by the keeping or storing alleged in the information.    If this were true, considering the fact as a matter of common knowledge that the accused himself might be the only person who knew what particular offense of the 40 or more offenses comprehended within the law that he intended to commit, the state might be compelled to institute 40 or more different prosecutions, and have 40 or more different trials, before it acertained to a certainty just what particular unlawful intent the accused in fact did have in mind when he unlawfully kept and stored intoxicating liquors.    We are of the view that the Legislature never intended any such unreasonable procedure.

Section 89 of said chapter 281, now section 10318, Rev. Code 1919, provides that upon the trial of any information under this act proof of the finding of intoxicating liquors in the possession of the accused, unless he is one legally authorized to sell or possess the same, shall be presumption evidence that such liquors were kept contrary to law.    It was the evident intent of the Legislature to cast upon the accused, found with intoxicating liquors in his possession, the burden of showing the purpose for which he kept and stored such liquor.    Appellant contends that this statutory presumption is an unconstitutional infringement of his personal rights and compels him to give evidence against himself.    We are of the opinion that this contention is not tenable.    The same principle exists and is applied in prosecutions for larceny.    The possession of recently

stolen property, when unexplained by the accused, is held to be circumstantial evidence from which guilt may be inferred. The same rule obtains in relation to one found in possession of counterfeit money, or wild game found in the possession of one out of hunting season.

[4] It is also contended that the information in this action alleges more than one offense. We are of the view that this contention is not well taken. The "keeping" and "storing" of anything are closely relating matters. It would be hard to keep intoxicating liquors without in some measure storing the same, and it would be almost impossible to store it without keeping it. We are of the view, that the allegation that appellant unlawfully "kept" and "stored" intoxicating liquors meant that he had it in his possession and under his control for the unlawful purpose of evading the law, and that as a matter of fact there is but one offense alleged in the information.

[5] Appellant also contends that the information should have alleged that the accused was not a person authorized by law to sell or possess intoxicating liquors. We are of the opinion that that was a matter of defense, to be interposed by appellant, if such was the case, and not a matter proper to be alleged in the information. Such an exception forms no part, and is not an essential ingredient, of the offense defined by said section 71, and therefore unnecessary to be alleged, but was purely a matter of defense. 22 Cyc. 344; State v. Donaldson, 12 S. D. 259, 81 N. W. 299; State v. Kirby, 34 S. D. 281, 148 N .W. 533.

We therefore hold that the information in question was sufficiently certain as to time and place and substantive allegations, the same being in the substantive language of the statute creating the offense, and that the said information is not in conflict with any known constitutional provision.

[6] Other grounds were specified in the motion in arrest of judgment relating to an election made on the part of the state at the trial, and in relation to some variance between the allegations of the information and the evidence. Such grounds cannot be considered under the present appeal record.

Finding no error, the judgment appealed from is affirmed.