STATE, Appellant v. POST, Respondent.

(201 N. W. 554.)

(File No. 5426.   Opinion filed December 31, 1924.)

1. **Intoxicating Liquors—Information—Criminal Law—Information Must Allege Keeping with Intent to Evade Law.**

   To describe public offense under Code 1919, Sec. 10299, which makes it unlawful to keep liquors with intent to evade the law, such intention must be alleged, notwithstanding Code 1919, Sec. 10318, which provides that intent to violate law shall be presumed from possession.

2. **Intoxicating Liquors—Information—Criminal Law—Information Need Not State Exact Unlawful Purpose in Keeping Liquor.**

   Information, under Code 1919, Sec. 10299, need not state exact unlawful purpose of accused in keeping liquor.

Appeal from Circuit Court, Clark County; Hon. W. N. Skinner, Judge.

Charles Post was charged with keeping intoxicating liquor, and demurred to informaton.   Demurrer sustained, and the State appeals.   Affirmed.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, and *W. C. Brower,* States Attornney, of Clark, for Respondent.

Appellant cited:   State v. Humphrey, 42 S. D. 512, 176 N. W. 49; Culver v. Burnside et al., 190 N. W. 804.

POLLEY, J .An informatoin was filed against the defendant, charging him with the violation of section 10299, Code 1919. He demurred to said informatoin, on the ground it did not describe a public offense.   This demurrer was sustained, and the state appeals.

The information charges that at a specified time the defendant kept intoxicating liquor, namely what is commonly known as moonshine whiskey, at his residence in Clark county.   Section 10299, Code 1919, as enacted by the Legislature, section 71, ch. 281, Laws 1917, reads as follows:

"The keeping, storing or giving away of intoxicating liquors, or any shift or device whatever, to evade the provisions of this act, shall be deemed unlawful wtihin the provision of this act, and shall be punished as unlawful selling is punished."

Just what act it would be that would come under the phrase, "or any shift or device whatever," is not apparent, nor for the purposes of this case is it necessary to inquire. Leaving this phrase out entirely, the section reads as follows:

"The keeping, storing or giving away of intoxicating liquors, to evade the provisions of this act, shall be deemed unlawful within the provisions of this act. * * *"

[1, 2] The section as so written makes sense, and completely describes the offense. Inasmuch as the act, of which this section forms a part, authorizes the keeping, storing, and sale of intoxicating liquors under certain circumstances, it will not be presumed that it was the intention, by this section, to make the mere "keeping, storing or giving away" unlawful, therefore, in order to describe a public offense under this section of the statute, it must be alleged that the "keeping, storing or giving away," was with the intent or for the purpose of evading the law. It is not nesessary, however, as was contended in State v. Humphrey, 42 S. D. 512, 176 N. W. 39, to state or to attempt to state the exact unlawful purpose the accused had in mind, whereby he intended to evade the law. Section 89, c. 281, Laws 1917 (section 10318, Code 1919), provides that the mere keeping or having possession of intoxicating liquor shall be presumptive evidence of an intent to violate the law. To quote from State v. Humphrey, supra:

"It was the evident intent of the Legislature to cast upon the accused, found with intoxicating liquors in his possession, the burden of showing the purpose for which he kept and stored such liquor."

But in charging the offense defined by the statute it is necessary to allege all the elements named by the statute constituting the offense.

The order appealed from is affirmed.

Note.—Reported in 201 N. W. 554. See, Headnotes (1) and (2), American Key-Numbered Digest, Intoxicating liquors, Key-No. 202, 33 C. J. Secs 428, 434.