## STATE, Respondent, v. WORK, Appellant.

### (201 N. W. 553.)

(File No. 5394.  Opinion filed December 31, 1924.)

1. **Criminal Law—Evidence—Expert Testimony—Witness May Express Opinion that Jars Formerly Contained Whisky.**

    A witness may testify that from his sense of smell he is of the opinion that certain fruit jars had formerly contained whiskey.

2. **Criminal Law—Intoxicating Liquors—Evidence of Prior Sale Held Relevant in Prosecution for Keeping and Storing.**

    In prosecution for keeping and storing intoxicating liquors to evade prohibitory law (Rev. Code 1919, Sec. 10299), evidence as to sale of moonshine by defendant, prior to date offense charged, was relevant and material.

3. **Intoxicating Liquors—Keeping and Storing—Criminal Law—Evidence of Jugs, Bottles, and Still on Defendant's Premises Relevant in Prosecution for Keeping and Storing.**

    In prosecution for keeping and storing intoxicating liquors to evade prohibitory law (Rev. Code 1919, Sec. 10299), testimony as to operation of still by defendant, and evidence as to jugs and bottles and a still found on defendant's premises, were relevant and material.

4. **Criminal Law—Appeal and Error—Intoxicating Liquors—Evidence Held to Sustain Conviction of Keeping and Storing.**

Although there was no direct evidence that liquor found in haystacks, owned by defendant, belonged to him, evidence was sufficient to sustain conviction of keeping and storing intoxicating liquors to evade prohibitory law (Rev. Code 1919, Sec. 10299).

Appeal from Circuit Court, Meade County; HON. JAMES MC-NENNY, Judge.

Joseph A. Work was convicted of keeping and storing intoxicating liquor with intent to evade the prohibitory law, and he appeals.    Affirmed.

*Harry P. Atwater,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, *(Bernard A. Brown,* of Pierre, on the brief) for Respondent.

(1)   To point one of the opinion, Respondent cited:   State v. Montgomery, 17 S. D. 500; Johnson v. Gilmore, 6 S. D. 276; State v. Finch, 70 Ia. 316; People v. Jennings, 96 N. E. 1077; Ogden v. People, 134 Ill. 599; 1 Wigmore on Evidence, Sec. 660; People v. Allen (Cal. App.) 174 Pac. 374; Hardwell v. State, 12 Ala. App. 265; Johnson v. State, 75 Tex. App. 177.

(2)   To point two, Respondent ctied:   People v. Goodnecht, (Mich.) 190 N. W. 706; State v. Lyon, (Ia.) 157 N. W. 742; State v. Gosell, (Minn.) 162 N. W. 683; State v. Laymon, (S. D.) 168 N. W. 402.

(4)   To point four, Appellant cited:   State v. Lindley, 13 S. D. 248, 83 N. W. 257; State v. Korth, 164 N. W. 93; State v. Erickson, 146 N. W. 1071.

GATES, J.   Defendant was convicted of the crime of keep- and storing intoxicating liquor, with intent to evade the prohibitory law (Rev. Code 1919, § 10299).   He appeals from the judgment and the order denying a new trial.

A search of appellant's farm was made by a deputy sheriff and his party.   On the premises were found two stills, from 75 to 100 small jars, some of them containing traces of whiskey, and five 100-pound sacks of sugar.   Across the highway on state land leased by appellant in small haystacks belonging to appellant, were found four one-gallon jugs, and two bottles of moonshine whiskey.   There was evidence tending to show the operation of one of the stills by appellant, and that witness then and there drank

some of the product. There was evidence of the sale of moonshine whiskey by appellant at two different dates about two months prior to the date of the offense charged. The trial court carefully instructed the jury that the evidence as to manufacture and sale was admitted only for the purpose of determining the guilt of appellant of the offense charged, and that he was not charged with manufacturing or selling.

[1] Appellant predicates error upon the overruling of his objection to this question:

"From your sense of smell, what would be your opinion as to what had just previously been in those jars?" The answer was: "I would say it was whiskey."

The witness found the three fruit jars under a bed in the bunkhouse. We perceive no ground for criticizing the ruling.

[2-4] Appellant next assigns a number of errors concerning the admission of the testimony relative to the sales. The next group of errors relates to the testimony of the witness Pray, with reference to the operation of the still. The next three assignments of error relate to the reception in evidence of the jugs and bottles found in the haystacks. Error is urged in the admission of the stills in evidence. Lastly, it is urged that the evidence was insufficient to establish the guilt of appellant.

We think that no error was committed in the reception of evidence. It was all relevant and material to the guilt of appellant of the offense charged. While there was no direct evidence that the liquor found in the haystacks was placed there by appellant, we think the jury did not go beyond its province in finding from the evidence that it was there kept and stored by appellant.

The judgment and order appealed from are affirmed.

Note.—Reported in 201 N. W. 553. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 369(6), 16 C. J. Sec. 1180 (1926 Anno.); (3) Intoxicating liquors, Key-No. 233(1), 33 C. J. Sec. 494; (4) Criminal law, Key-No. 236(6½), Intoxicating liquors, 33 C. J. Sec. 505.