Note.—Reported in 207 N. W. 221. See, Headnote (1), American Key-Numbered Digest, Officers, Key-No. 82, 29 Cyc. 1416; (2) Officers, Key-No. 84, 29 Cyc. 1416; (3) Towns, Key-No. 28, Officers, 29 Cyc. 1416; (4) Towns, Key-No. 28, 38 Cyc. 625.

---

STATE, Respondent, v. PERSEVICH, Appellant.

(206 N. W. 576.)

(File No. 6016. Opinion filed February 16, 1926.)

1. Criminal Law—Trial—Cross-Examination—Accused Is Precluded from Objecting to Testimony Elicited Pursuant to His Cross-examination of State's Witness.

Accused is precluded from objecting to evidence of search of premises nearly three years before, wherein two stills and barrel of wine mash were found, where such testimony was elicited pursuant to his cross-examination of state's witness.

2. Intoxicating Liquors—Evidence—Evidence of Keeping and Storing Liquor Held Sufficient to Present Question for Jury.

In prosecution for keeping and storing liquor, evidence held sufficient to present question for jury.

Appeal from Circuit Court, Lawrence County; Hon. James McNenny, Judge.

Steve Persevich was convicted of keeping and storing intoxicating liquor, and he appeals. Affirmed.

*John R. Russell* and *Hayes & Heffron,* all of Deadwood, for Appellant.

*Buell F. Jones,* Attorney General, and *Lerrard A. Brown,* Assistant Attorney General, for the State.

(1)   To point one of the opinion, Respondent cited: Port Huron Company v. Iverson, 22 S. D. 314; Bailey v. Walton, 24 S. D. 118; Herbert v. Herbert, 20 S. D. 85; Aldons v. Overson, 19 S. D. 196; Reynolds v. Hinrichs, 16 S. D. 602; First National Bank v. Harvey, 29 S. D. 284.

(2)   To point two, Appellant cited: Bentley v. Atlanta (Ga.), 85 S. E. 351; Gabel v. State, 187 Ind. 706; Mask v. State (Okla.), 101 Pac. 293; State v. Harris (Ore.), 160 Ore. 211; King v. State (Tex.), 234 S. W. 1107.

GATES, P. J.  Defendant was charged and convicted of keeping and storing intoxicating liquor to evade the law. He appeals from the judgment and from an order denying new trial.

Over objection evidence was brought out showing that nearly three years prior to the date of the present charge defendant's premises were searched, and there were found two stills and a barrel of wine mash. It is urged that this evidence was prejudicial.

[1]   We are of the opinion that defendant is precluded from raising the question because such testimony was elicited pursuant to his cross-examination of the state's witness, the sheriff. By such cross-examination he opened the door. He may not now object that the state entered.

[2]   The only other point necessary for consideration is the alleged insufficiency of the evidence. The "moonshine" was found by the officers in a woodpile situated near defendant's house, and within the fence inclosing his premises. Eight bottles of it were found in upright positions, two of them on the ground at the bottom of the woodpile, and the others promiscuously scattered through it. No evidence was adduced further connecting defendant with the possession of the liquor. This presented a question for the jury, and we will not depart from its finding. State v. Work, 201 N. W. 553, 47 S. D. 649.

The judgment and order appealed from are affirmed.

Note.—Reported in 206 N. W. 576.  See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1137(5), 17 C. J. Sec. 3557; (2) Intoxicating liquors, Key-No. 238(1), 33 C. J. Sec. 541.