STATE, Respondent, v. FASCHER, Appellant.

(208 N. W. 979.)

File No. 6135.   Opinion filed May 28, 1926.)

**Intoxicating Liquors—Criminal Law—Information, Charging Possession of Liquor With Intent to Sell, Is Sufficient Without Adding "With Intent to Evade the Law" (Rev. Code 1919, §§ 10244, 10299).**

Information drawn under Rev. Code 1919, § 10299, charging unlawful possession of liquor with intent to sell, sufficiently charges offense, within section 10244, without adding "with intent or for purpose of evading the law."

---

Note.—See, Headnote, American Key-Numbered Digest, Intoxicating liquors, Key-No. 202, 33 C. J. Sec. 453.

Appeal from Circuit Court, Brule County; Hon. R. C. Bakewell, Judge.

Eric Fascher was convicted of possessing intoxicating liquor with intent to sell, and he appeals from an order denying his motion in arrest of judgment.   Order affirmed.

*G. C. Uhlir,* of Kimball, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

GATES, P. J.   Defendant was tried and convicted of an offense charged in the information as follows:

"That at said time and place the said Eric Fascher did willfully, wrongfully, and unlawfully keep in his possession or

under his control certain intoxicating liquor, to wit, what is commonly known as moonshine whisky, with the intent of the said Eric Fascher to sell or dispose of the same by gift or otherwise."

He appeals from an order denying his motion in arrest of judgment.

The sole contention is that the information is defective because it does not contain the words "with the intent or for the purpose of evading the law." Section 10244, Rev. Code 1919, makes it an offense to keep intoxicating liquor for sale, barter, or gift. The information sufficiently charges an offense under that section. But appellant contends that the information was drawn under section 10299, Rev. Code 1919, which contains the following language:

"The keeping, storing or giving away of intoxicating liquors * * * to evade the provisions of this article, shall be deemed unlawful. * * *"

And appellant relies upon the following clause contained in State v. Post, 47 S. D. 642, 201 N. W. 554:

"Therefore, in order to describe a public offense under this section of the statute, it must be alleged that the 'keeping, storing or giving away,' was with the intent or for the purpose of evading the law."

Of course, that quotation does not mean what appellant attributed to it, as the context will show. We were then dealing with the substance and not the precise form of an information. In State v. Humphrey, 42 S. D. 512, 176 N. W. 39, the information charged that defendant did unlawfully keep and store a large quantity of intoxicating liquors with the intent and purpose of evading the provisions of chapter 281, Laws 1917 (now sections 10235-10328, Rev. Code 1919). The information was assailed because it did not specify which of the numerous offenses included in the section (now 10299) had been committed. It was held that the information was sufficient. The information before us, instead of charging generally as in State v. Humphrey, supra. charges one of the offenses embraced within the general clause "to evade the provisions of this article," viz. "with intent to sell or dispose of the same by gift." It is none the less sufficient as a pleading. Without this explanation it ought to have been reason-

ably clear that the language quoted from State v. Post, supra, pronounced a general rule as to the substance of an information and not a specific rule as to the precise language of it.

The order is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.