STATE, Respondent, v. BARNES, Appellant.

(213 N. W. 504.)

File No. 6351.    Opinion filed April 23, 1927.)

1.  **Criminal Law—Jury—Instruction That Possession of Intoxicating Liquor is Presumptive Evidence of Intent to Violate Law Held Not Prejudicial, In View of Evidence (Rev. Code 1919, § 10318).**

   In prosecution for keeping for sale intoxicating liquors, where there was ample evidence to support conviction without presumption from fact of possession, instruction that keeping or possessing intoxicating liquors is deemed presumptive evidence of intent to violate the law held not prejudicial, in view of Rev. Code 1919, § 10318.

2.  **Criminal Law—Instruction on Presumption Arising From Possession of Liquor Should Not Throw Burden of Proving Authority To Possess It On Defendant (Rev. Code 1919, § 10318).**

   Instruction, based on Rev. Code 1919, § 10318, that finding of intoxicating liquors in accused's possession unless he is authorized to sell or possess it is presumptive evidence that they were kept contrary to law, should not throw burden of proof of legal authority therefore on him.

3.  **Intoxicating Liquors—Intent or Purpose of Keeping Intoxicating Liquors May Be Proved By Circumstances.**

   Intent or purpose, for which intoxicating liquor is kept or possessed, may be proved by circumstances, and unlawful possession is circumstance to be considered in determining intent or purpose.

---

Note.—See, · Headnote **(1)**, American Key-Numbered Digest, Criminal law, Key-No. 1172(1), 17 C. J. Secs. 3688, 3689; **(2)** Criminal Law, Key-No. 778(5), 16 C. J. Sec. 2394, Intoxicating liquors, 33 C. J. Sec. 479; **(3)** Intoxicating liquors, Key-No. 236 **(7)**, 33 C. J. Secs. 491, 492, 504, 505.

As to power to prohibit the possession of intoxicating liquor irrespective of any intention to traffic therein, see annotation in 2 A. L. R. 1085; 3 R. C. L. Supp. 441.

As to presumption of innocence when opposed by other presumptions, see Jones Commentaries on Evidence, Vol. 1, pg. 612.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Harley Barnes was convicted of keeping for sale, barter, trade, or gift intoxicating liquor capable of being used as a beverage, and he appeals.  Affirmed.

*Dudley & Dudley,* of Hot Springs, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

BURCH, J. · Defendant is charged with keeping for sale, barter, trade, or gift intoxicating liquor, capable of being used as a beverage. He was convicted and judgment rendered thereon. From the judgment and an order overruling a motion for new trial, defendant appeals.

Prior to the plea a demurrer to the information was overruled by the court. Objection was made to the introduction of any evidence for the reason that a public offense is not charged. Objection was made to some of the proof on the ground that the accused is charged with more than one offense, and to the introduction of exhibits, being bottles taken from the premises of accused. Such objections were overruled. The court denied a motion to advise a verdict, and to require the state to elect on what act it would rely for a conviction, the evidence disclosing that the liquor was not all kept in the same place. These rulings of the court are all assigned as error, but we do not think any of them merit discussion.

[1] There is but one assignment of error that merits any consideration, which is based on an instruction to the effect that:

"The keeping or having possession of intoxicating liquor is deemed presumptive evidence of an intent to violate the law."

This instruction was excepted to on the ground that it does not properly state the law; that it throws upon the accused the burden of establishing his innocence in violation of his constitutional rights and renders a nullity all the preceding instructions of the court.

[2] In State v. Humphrey, 42 S. D. 512, 176 N. W. 39, this court upheld an instruction, based on section 10318, that the finding of intoxicating liquors in the possession of accused, unless he is one legally authorized to sell or possess the same, shall be presumptive evidence that such liquors were kept contrary to law. The question is therefore no longer an open question in this state. But the instruction should not go so far as to throw the burden of proof on the defendant.

[3] However, the intent or purpose for which intoxicating liquor is kept and possessed may be proved by circumstantial evi-

dence, as other facts and the unlawful possession of such liquors is a circumstance to be considered with all the evidence in determining the intent or purpose of the accused. In this case, the liquor was concealed and hidden under bushes and near the sidewalk, a portion of it was taken by the accused in an auto with another person, and there was ample evidence supporting the verdict, without any presumption from the mere fact of possession. No prejudice appears from the giving of the instruction, and it need not be further considered.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, J., concur.
GATES and SHERWOOD, JJ., not sitting.