MILTON *v.* FORT SMITH.

Opinion delivered December 5, 1927.

1. CRIMINAL LAW—EVIDENCE OBTAINED UNDER ILLEGAL SEARCH WAR-
   RANT.—In a prosecution for possessing intoxicating liquor for
   the purpose of sale, in violation of Acts 1925, p. 363, evidence
   obtained by city police officers while searching defendant's prem-
   ises under an illegal search warrant was admissible, as against
   the contention that the search and seizure were unreasonable and
   unconstitutional.

2. INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for possessing
   intoxicating liquor for the purpose of sale, in violation of Acts
   1925, p. 363, the purpose for which the liquor is kept can be
   proved by circumstantial evidence.

3. INTOXICATING LIQUORS—CIRCUMSTANTIAL EVIDENCE.—Circumstan-
   tial evidence *held* to sustain a conviction of possessing intoxicat-
   ing liquors for purpose of sale.

Appeal from Sebastian Circuit Court, Fort Smith
District; *J. Sam Wood,* Judge; affirmed.

*Cravens & Cravens,* for appellant.

*Pryor, Miles & Pryor,* for appellee.

HUMPHREYS, J. Appellant was convicted in the cir-
cuit court of the Fort Smith District of Sebastian County,
on appeal from the municipal court of the city of Fort
Smith, for the crime of possessing intoxicating liquors
for the purpose of sale, in violation of act 121 of the Acts
of the General Assembly of 1925, for which he was
adjudged to pay a fine of $250. From the judgment of
conviction he has duly prosecuted an appeal to this court.

An officer of the city arrested appellant for trans-
porting liquor, at which time he threw a half-gallon jar
of corn whiskey out of his car, and broke the jar all to
pieces. Thirty or forty minutes thereafter, W. L. Rob-
ertson, a police officer of said city, filed an affidavit before
J. A. Gallaher, judge of the municipal court, charging
appellant with the crime of having intoxicating liquor in
his home for the purposes of sale, and procured a war-
rant for his arrest and a warrant to search his home and
seize the liquor. Pursuant to directions contained in the
search warrant, officers of the city, in company with
appellant, went to his home, and proceeded to make a

search for whiskey. Appellant informed them that there was no whiskey in the house. They made search, however, and discovered a trapdoor in the floor of one of the bedrooms, under a rug near the bed, and, upon opening the trapdoor, discovered twenty-four half-gallon jars of intoxicating liquor wrapped up in sacks.

Prior to the calling of the case for trial, the appellant filed a motion to suppress the testimony of the police officers of the city of Fort Smith, obtained while they were upon the premises of defendant, and to enjoin the city of Fort Smith from using in the trial of the cause, as evidence, the liquor seized by said officers, for the reason that said search warrant was illegal and void, and that said search warrant did not show upon its face that the magistrate issuing the same heard testimony before the issuance of said warrant, and for the reason that there was no information filed under oath with the magistrate issuing said warrant, stating any facts from which could be inferred probable cause for believing that the appellant possessed intoxicating liquor for the purpose of sale or otherwise, and that the search of the officers of the city of Fort Smith under said pretended search warant and the seizing of the liquor at defendant's home amounted to an unreasonable and unconstitutional search and seizure of defendant's property.

The court, after considering the matter under the agreed statement of facts entered into between counsel for appellant and appellee, overruled said motion, and, upon the trial of this cause, permitted the officers of the city of Fort Smith to detail to the jury what they found on appellant's premises while thereon by virtue of the pretended search warrant, and permitted the city of Fort Smith to introduce in evidence part of the liquor taken from appellant's home.

Appellant insists that the court committed reversible error in overruling his motion and allowing this testimony to be introduced by the city, over his objection and exception, which objection and exception were preserved by him in his motion for a new trial. Under the rule announced by this court in the case of *Starchman* v. *State,*

62 Ark. 538, 36 S. W. 940, and adhered to in the cases of *Benson* v. *State,* 149 Ark. 633, 233 S. W. 758; *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673, and *Knight* v. *State,* 171 Ark. 882, 286 S. W. 1013, it is unnecessary for us to set out the agreement of facts upon which the motion was heard, the affidavit for a search warrant, and the search warrant, and to determine the sufficiency thereof. Under the doctrine of those cases the admissibility of evidence is not affected even though the search warrant was illegally issued.

Appellant insists that, even though the testimony gained by the officers as a result of the search and seizure was admissible, it, together with the other evidence in the case, is insufficient to support the verdict and judgment. The testimony reflected that a number of warrants had been issued against appellant, and that he had done no work for three or four years. The purpose for which liquor is kept may be proved by circumstantial evidence. *State* v. *Barnes* (S. D.), 213 N. W. 504; *Porter* v. *City of Atlanta,* 18 Ga. App. 33, 88 S. E. 744.

We think the circumstantial evidence in the instant case sufficient to support the verdict and judgment. Thirty or forty minutes before the search, appellant was arrested for transporting intoxicating liquor, and, in order to destroy the evidence, threw a half-gallon jar of corn whiskey out of his car and broke the jar all to pieces, so that the officer could not tell whether it was the same make of jar as those found in his house. Appellant told the officers no whiskey was in his house, yet they discovered, in his presence, during the search, twenty-four half-gallon jars of corn whiskey wrapped in tow sacks and hidden in a hole sawed in the floor of his bedroom, under a trapdoor that was covered with a rug. When the discovery was made, appellant made no excuse and offered no explanation as to why he had denied having it or the purpose for which he had it. It cropped out in the testimony that he was a frequent offender, and that he had been an idler for years.

No error appearing, the judgment is affirmed.

Justices SMITH, MEHAFFY and McHANEY dissent.