STATE, Respondent, v. THIEME, Appellant.

(224 N. W. 228.)

(File No. 6673. Opinion filed March 19, 1929.)

 

*Hall, Purdy & Eidem,* of Brookings, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, J. An information was filed against the defendant, charing her with the offense of unlawfully storing and keeping a large quantity of intoxicating liquor in her barn with intent to evade the prohibition laws of this state. Upon her plea of not guilty, she was tried and convicted, and, from the judgment and from orders denying two motions for new trial, defendant has appealed, presenting to this court, among other questions, that of the sufficiency of the evidence.

██ The mere private keeping or storing of intoxicating liquors (as contradistinguished from having the same in possession in a public place, which is forbidden by section 10278, R. C. 1919) is not in and of itself an offense under the laws of the state unless such keeping and storing is with the intent and for the purpose of evading or violating the prohibition law. State v. Post, 47 S. D. 642, 201 N. W. 554. Therefore, in order to establish an offense in connection with the private keeping and storing of intoxicating liquors, the information must charge that such keeping and storing was with the intent or purpose to violate or evade the prohibition laws (State v. Post, supra), although the complaint need not allege the particular law violation which was intended (State v. Humphrey, 42 S. D. 512, 176 N. W. 39).

██ ██ The intent to violate or evade the prohibtion law by means of such keeping or storing is an essential element of the offense, and, like any other essential element of any other criminal offense, it must be alleged by the state and must be proved by the state beyond a reasonable doubt before a conviction can be had. It is true that, by virtue of the provisions of section 10318, R. C.

1919, the finding of intoxicating liquor in the possession of a defendant in any place, unless in the possession of one legally authorized to sell or possess the same, is presumptive evidence that such liquor was kept contrary to the provisions of the prohibition law. This statute does not operate to change the burden of proof upon the whole case, however. State v. Barnes, 51 S. D. 277, 213 N. W. 504; State v. Krutzfeldt, 53 S. D. 435, 221 N. W. 53. It merely shifts the burden of advancing with testimony from the state to the defendant when the fact of possession is made to appear. The fact of possession appearing, the state need not at that stage of the proceedings go further, as it would have to do but for such statute, and introduce evidence tending to show that such possession was with the intent or for the purpose of evading or violating the prohibition law. Proof of the possession raises a rebuttable presumption of fact that the possession was with such intent, and by virtue of such presumption the prima facie case of the state with reference to this essential element of intent is sufficiently made out. Therefore, if at that stage of the proceedings the defendant does not introduce in his own behalf any controverting evidence on the quetsion of intent, then it will be the duty of the jury under the statute to accept the fact of possession, if they find it to be a fact proved beyond a reasonable doubt, as sufficient proof beyond a reasonable doubt of the equally essential fact element of unlawful intent. But, if the defendant, after the state has shown possession, assumes the burden of advancing with evidence which the statute casts upon him, and does introduce evidence showing or tending to show that he had no unlawful intent with reference to the liquor in question, then the presumption created by the statute ceases to be operative to any such extent that the jury must accept proof of possession as conclusive of the fact of unlawful intent, and the question of existence of unlawful intent is to be determined by the jury upon a consideration of the evidence of the defendant in connection with the presumption arising from possession, if proved, and any additional evidence introduced by the state upon the question of intent, and in such determination the burden of proof is upon the state to establish as a fact beyond a reasonable doubt, upon all the conflicting evidence and presumptions, the existence of the unlawful intent.

█ It is elementary and fundamental that the possession

upon which may be predicated, as provided by section 10318, a rebuttable presumption of fact that defendant by such possession intended to violate the prohibition law, must be a knowing possession. The presumption of intent goes to the state of mind of the defendant, and certainly no such presumption can arise until there first appears a possession of which defendant actually had knowledge, as contradistinguished from a mere constructive possession.

In the case at bar, there was no affirmative evidence of any intent on the part of the appellant to violate or evade the prohibition law, and the evidence as to possession was entirely circumstantial. The rule in this state with reference to proof of crime by circumstantial evidence has been stated upon several occasions, and is probably set forth as well as anywhere in our reports in the opinion of Polley, J., in State v. Guffey, 50 S. D. 548, 210 N. W. 980, in the following language:

"To warrant a conviction for crime on circumstantial evidence alone, the circumstances taken together should be of a conclusive nature, and leading, on the whole, to a satisfactory conclusion, and pointing to a moral certainty that the accused committed the offense charged; and it is invariably the rule of law that, to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other, and consistent with the guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent; and in this case, if all the facts and circumstances relied upon by the state to secure a conviction can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit the defendant."

Appellant was a widow with three small children, operating a restaurant in the town of Elkton. A deputy county sheriff, a police officer from the city of Brookings, and an individual who described himself as an "undercover" man went to her premises with a search warrant. They made a very thorough search of the restaurant building and found nothing, and the deputy sheriff insists that their search was so thorough that, if liquor had been upon the premises, they would have discovered it. While the deputy sheriff and the police officer were still in the restaurant building, the "undercover" man went out alone and presently re-

turned with a jug containing some intoxicating liquor, which jug he stated he had found in the barn on the rear of the restaurant premises. Defendant denied any knowledge of the jug in question or of how it came to be in the barn, if it was there in fact. The barn was on the rear of the lot about 70 feet back of the restaurant, and was upon a much used and frequented public alley in the town of Elkton, and contained two doors, neither of which was ever kept locked, and one of which doors was directly adjacent to the public alley. The only use made of the barn, so far as appears from the evidence, was to keep therein a Shetland pony belonging to appellant's children. Appellant at various times had men board at her restaurant and had men working about the place for their board. Appellant testified, and it was not made to appear otherwise by the evidence, that she did not take care of the pony, but that it was cared for either by the children or by her father, who lived with her, and that she had no occasion to go into the barn and in fact had not been in the barn for several months and had not been in there during the winter, the search having been made on February 28th.

To justify the verdict in this case upon this evidence would be going much farther than this court has ever gone and farther than we think we should go.

In State v. Work, 47 S. D. 649, 201 N. W. 553, the defendant lived out in the country, and the liquor in question was found in some haystacks on a tract of state land directly across the road from defendant's home, and the court left it to the jury to say whether such liquor was in possession of the defendant. The state land in question was leased by the defendant, and the haystacks where the liquor was found had been put up by the defendant. There was a public road passing between the house of the defendant and the haystacks, but that, of course, is not parallel to a much used and frequented public alley in town. Furthermore, in the Work Case, the liquor was found in gallon jugs and in small jars, and a number of jars of the same kind and character were found in the actual possession of defendant on his home premises bearing traces of the same kind of liquor, and also there was found on the premises of the defendant and in his possession two stills for the manufacture of liquor of that particular kind, and there was testimony that the stills had been operated by the defendant

and that kind of liquor manufactured by him and sold by him less than two months previously.

In State v. Persevich, 49 S. D. 427, 206 N. W. 576, we held that it was properly left for the jury to say whether defendant was knowingly in possession of liquor found in his woodpile. In that case, however, the woodpile was located within the fence inclosing defendant's premises and about 15 feet from his back door. It was a pile about 10 feet long, 5 or 6 feet wide, and 3 or 4·feet high. The search was made and the liquor found in the woodpile in May. Defendant testified that he and his son had piled the wood there in September previously, but had been using wood during the winter from other sources, and that the woodpile in question had not been used or touched since it was placed there by himself and son in September. He testified also that he had seen this woodpile several times daily, and that it had not been disarranged or disturbed since he established it in September. Ten bottles of liquor were found in this woodpile, all at the bottom of the pile, carefully placed in an upright position and in such a location that they could not have been so placed after the pile had once been erected without tearing down and rebuilding the entire structure, and defendant insisted that he had observed the pile daily and there had been no such tearing down or rebuilding or rearranging. Thus the defendant's own testimony practically precluded the possibility of any one else having placed the bottles in the woodpile without his knowledge.

Applying to the facts in the instant case the rule above set out as to circumstantial evidence, it is perfectly apparent that every fact and circumstance in this case could reasonably be accounted for upon divers theories perfectly consistent with the innocence of the defendant; for instance, that some stranger entering the barn from the alley had placed the liquor there and was keeping it there, or that her father had placed it there, or that some of the men boarding or working about the restaurant had placed it there. For a jury to convict upon this evidence, they must go into the realm of speculation and conjecture.

We think this evidence is entirely insufficient to prove beyond a reasonable doubt that the liquor in question was in any sense in the possession of the appellant, and certainly it is insufficient to prove beyond a reasonable doubt a knowing possession on the part

of the defendant such as must be first proved to give rise, by virtue of section 10318, Rev. Code 1919, to any inference or presumption of possession with intent to violate or evade the prohibition law.

The judgment and orders appealed from are therefore reversed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.