STATE, Respondent, v. HANSON, et al, Appellants.

(238 N. W. 144.)

(File No. 7066. Opinion filed October 5, 1931.)

C. H. McCay, of Salem, and Hugh Gamble, of Sioux Falls, for Appellants.

M. Q. Sharpe, Attorney General, and Frank W. Mitchell, Assistant Attorney General, for the State.

MISER, C. Defendants were charged with having intoxicating liquor in their possession near Hartford in Minnehaha county with intent to evade the provisions of the prohibitory laws. The evidence shows that the car in which they were riding from Salem, McCook county, to Sioux Falls, Minnehaha county, collided with another car near Hartford. The witnesses for the state testified that all the defendants were intoxicated and that the driver—not intoxicated—of the car in which they were riding said the accident would not have happened "if they hadn't been grabbing him around the neck and fooling with him." Two of the defendants admitted that before they left Salem they bought two bottles of near beer, "spiked" one with some alcohol which they found in the garage and drank it, and put the other unopened bottle in the car. Each one denied that he had or saw any intoxicating liquor in the car. After the accident, the bottle of near beer, but no intoxicating liquor, was found in the car. Farrell testified that he had not used intoxicating liquor for nine years. After the accident he helped take care of his codefendants who had been knocked unconscious.

After the collision a part of a broken bottle with the odor of moonshine whisky on it, but with no liquor in it, was found in the ditch under the car in which defendants were riding. A metal cap that would fit the broken bottle was found on the floor of the car.

Defendants were not convicted of intoxication nor of using profane language nor of having intoxicating liquor in their possession in a public place in McCook county, nor has a verdict been returned against them in a civil action for damages to the car of the complaining witness. They were convicted of having intoxicating liquor in their possession in Minnehaha county with intent to evade the prohibitory laws. Assuming that the piece of bottle found in the ditch under the Hanson car was in the car up to the time of the collision, it was not improbable that it was emptied at Salem or elsewhere in McCook county. Assuming that the odor of alcohol, noticeable about the car, was not from the alcohol in the radiator, it might be accounted for by the fact that Hanson and Padgett had split a well-spiked bottle of near beer just before leaving Salem approximately 30 miles away. There was indeed evidence tending to prove some of the elements of the crime of which defendants were convicted, but it was entirely circumstantial and the circumstances relied upon by the state to secure a conviction can all be reasonably accounted for on a theory consistent with the innocence of the defendants of the crime charged. State v. Thieme, 54 S. D. 611, 224 N. W. 228.

The judgment and order appealed from are reversed.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

ROBERTS, J., disqualified and not sitting.