### 30800. COSBY *v.* CITY OF WASHINGTON.

PARKER, J. 1. "Unless there is something in the charter to the contrary, it is not necessary that a person accused of a violation of a municipal ordinance shall be furnished with a written accusation or statement of the charge made against him. It is sufficient if he be informed of the charge and be given an opportunity to defend." *Wynne* v. *Atlanta*, 10 *Ga. App.* 818 (74 S. E. 286); *Porter* v. *Atlanta*, 18 *Ga. App.* 33 (88 S. E. 744), and cit. There is nothing in the charter of the City of Washington to the contrary. See Ga. L. 1929, pp. 1396, 1404.

2. Holding a permit from an agency of the United States to engage in the business of slaughtering and selling meat does not exempt the holder from a compliance with municipal ordinances requiring certain reasonable conditions upon which the meat may be sold within the limits of the municipality. See in this connection the Code, § 42-406, which provides that only the power of the State commissioner of Agriculture or his subordinates restricts municipal regulation of the matter.

3. There is no reversible error where the mayor and council permitted the city attorney, who prosecuted the defendant, to remain in the room while the corporate body deliberated as to the judgment to be rendered on the appeal from the city recorder, while the defendant and his counsel were excluded from the room during the deliberations, it appearing (from the answer to the certiorari, neither excepted to nor traversed) that the city attorney took no part in the deliberations and gave no advice. *Smith* v. *Rome*, 16 *Ga. App.* 161 (84 S. E. 615), and *McCurry* v. *Rome*, 17 *Ga. App.* 147 (86 S. E. 399).

4. The petition for certiorari and the answer thereto both show that the mayor and council heard evidence on the appeal and rendered their judgment following the hearing of the evidence, and there is no merit to the contention that the form of the judgment, which "sustained and affirmed" the recorder's action, shows that the appeal was not a de novo investigation. See Ga. L. 1929, p. 1404.

5. No error of law having been committed by the mayor and council, and there being sufficient evidence to support the judgment of conviction, the superior court did not err in overruling the certiorari. *Wynne* v. *Atlanta*, supra.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*

DECIDED MARCH 1, 1945.

*Stevens & Stevens,* for plaintiff in error.
*Earle Norman,* contra.